# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| NITA THOMPSON | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. <u>3:21-cv-01652</u> |
| | § | |
| JOHN DOE; AND PURPOSE DRIVEN | § | |
| CO., LLC; | § | |
| *Defendants.* | § | |

---

## INDEX OF STATE COURT FILE

---

      The following is an index identifying each state court document and the date in which each

document was filed in the 134TH Judicial District Court of Dallas County, Texas.

| EXHIBIT | DATE | DOCUMENT |
|---------|------|----------|
| 2 | | State Court File |
| 2a | 7/15/2021 | Docket Sheet |
| 2b | 3/25/2021 | Citations to Purpose Driven Co., LLC and John Doe |
| 2c | 3/25/2021 | Plaintiff's Original Petition |
| 2d | 3/25/2021 | Court's Enter Demand For Jury by Plaintiff Notice |
| 2e | 6/17/2021 | Court's Notice of Dismissal for Want of Prosecution |
| 2f | 6/21/2021 | Return of Citation to Purpose Driven Co., LLC |
| 2g | 7/15/2021 | Defendant Purpose Driven Co., LLC's Original Answer |

# EXHIBIT 2a

## Case Information

DC-21-03845 | NITA THOMPSON vs. PURPOSE DRIVEN CO., LLC

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-03845 | 134th District Court | TILLERY, DALE |
| File Date | Case Type | Case Status |
| 03/25/2021 | MOTOR VEHICLE ACCIDENT | OPEN |

## Party

PLAINTIFF
THOMPSON, NITA

Active Attorneys ▾
Lead Attorney
ODETUNDE, ADEWALE
Retained

DEFENDANT
PURPOSE DRIVEN CO., LLC

Address
REGISTERED AGENT KENNY RIDDLE
515 WEST MARKET ST.
DEXTER MO 63841

Active Attorneys ▾
Lead Attorney
SARGENT, DAVID LYNN
Retained

## Events and Hearings

03/25/2021 NEW CASE FILED (OCA) - CIVIL

03/25/2021 ORIGINAL PETITION ▾

ORIGINAL PETITION

03/25/2021 ISSUE CITATION ▾

ISSUE CITATION - PURPOSE DRIVEN CO LLC

03/25/2021 JURY DEMAND

04/01/2021 CITATION ▾

Served
06/17/2021

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
06/21/2021
Comment
PURPOSE DRIVEN CO., LLC

04/02/2021 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE DISMISSAL FOR WANT OF PROSECUTION

06/17/2021 NOTICE OF DISMISSAL FOR WANT OF PROSECUTION ▾

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

Comment
NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

06/21/2021 RETURN OF SERVICE ▾

EXECUTED CITATION - PURPOSE DRIVEN CO., LLC

Comment
EXECUTED CITATION - PURPOSE DRIVEN CO., LLC

07/15/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - PURPOSE DRIVEN CO., LLC

07/16/2021 DISMISSAL FOR WANT OF PROSECUTION ▾

134thDWOP-Rule 165A Letter

134th DWOP-Rule 165A / Fridays

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

## Financial

THOMPSON, NITA

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $340.00 |
| | Total Payments and Credits | | | $340.00 |
| 3/29/2021 | Transaction Assessment | | | $340.00 |
| 3/29/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 18616-2021-DCLK | THOMPSON, NITA | ($340.00) |

## Documents

ORIGINAL PETITION

ISSUE CITATION - PURPOSE DRIVEN CO LLC

134thDWOP-Rule 165A Letter

NOTICE DISMISSAL FOR WANT OF PROSECUTION

134th DWOP-Rule 165A / Fridays

NOTICE OF DISMISSAL FOR WANT OF PROSECUTION

EXECUTED CITATION - PURPOSE DRIVEN CO., LLC

ORIGINAL ANSWER - PURPOSE DRIVEN CO., LLC

# EXHIBIT 2b

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:    **PURPOSE DRIVEN CO., LLC**
       **SERVING REGISTERED AGENT KENNY RIDDLE**
       **515 WEST MARKET STREET**
       **DEXTER MISSOURI  63841**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **NITA THOMPSON**

Filed in said Court  **25th day of March, 2021** against

**JOHN DOE AND PURPOSE DRIVEN CO., LLC**

For Suit, said suit being numbered <u>**DC-21-03845,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        DANIEL MACIAS



---

**ESERVE**

**CITATION**

**DC-21-03845**

**NITA THOMPSON**
**vs.**
**PURPOSE DRIVEN CO., LLC**

ISSUED THIS
**1st day of April, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

---

**Attorney for Plaintiff**
**ADEWALE ODETUNDE**
WITHERITE LAW GROUP, PLLC
10440 N CENTRAL EXPY
STE 400
DALLAS TX  75231-2228
214-378-6665
**adewale.odetunde@witheritelaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-03845

Court No.134th District Court

Style: NITA THOMPSON

 vs.

PURPOSE DRIVEN CO., LLC

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $ _____ | of _____ County, _____ | |
| For Notary | $_____ | By _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public  _____ County  _____

# EXHIBIT 2c

1 CIT ES / JURY

FILED
3/25/2021 4:53 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kayla Buckley DEPUTY

Case 3:21-cv-01652-N   Document 1-2   Filed 07/16/21   Page 12 of 35   PageID 20

CAUSE NO. DC-21-03845

| | | |
|---|---|---|
| **NITA THOMPSON;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JOHN DOE; AND PURPOSE DRIVEN** | § | |
| **CO., LLC;** | § | |
| | § | 134th |
| **Defendants.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Nita Thompson files Plaintiff's Original Petition complaining of Defendants John Doe and Purpose Driven Co., LLC.

### I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.  RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III.  PARTIES

Plaintiff Nita Thompson is an individual resident of Dallas, Dallas County, Texas. Her driver's license number is *****967 and her social security number is ***-**-*640.

Defendant John Doe is an unknown individual and therefore cannot be served at this time.  Plaintiff believes that Defendant Purpose Driven Co., LLC knows the identity of its driver, John Doe, which Plaintiff intends to identity through written discovery.

Defendant Purpose Driven Co., LLC is a foreign corporation doing business in Texas and may be served with process by serving its registered agent, Kenny Riddle, at 515 West Market Street, Dexter, Missouri 63841.

## IV.  JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Wednesday, November 4, 2020 at or near the intersection of Singleton Boulevard and Fish Trap Road within the city limits of Dallas, Dallas County, Texas.  Plaintiff Nita Thompson was operating her vehicle traveling eastbound on

Singleton Boulevard in the left turn lane and had slowed to turn left on Fish Trap Road.  Defendant John Doe was operating his 18-wheeler traveling eastbound in the lane to the right of the left turn lane on Singleton Boulevard. Defendant John Doe failed to yield the right-of-way and attempted to make a u-turn in his 18-wheeler from a non-turn lane and collided hard into the front, passenger's side of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

### A.      NEGLIGENCE – DEFENDANT JOHN DOE

At the time of the motor vehicle collision, Defendant John Doe was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant changed lanes when unsafe to do so;

3. Defendant failed to yield the right-of way making a u-turn;

4. Defendant turned from the improper lane;

5. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

6. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

7. Defendant failed to safely operate his tractor-trailer; and

8.    Defendant failed to have or apply all of his mental faculties because was distracted by cell phone usage.

**B.    GROSS NEGLIGENCE – CELL PHONE USE OF DEFENDANT JOHN DOE**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways.  Defendant had actual subjective knowledge of the risk involved but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when the Defendant chose to operate a vehicle while using a cell phone at the time of the collision.

**C.    NEGLIGENT ENTRUSTMENT – DEFENDANT PURPOSE DRIVEN CO., LLC**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Purpose Driven Co., LLC was the owner of the vehicle driven by Defendant John Doe.  Defendant Purpose Driven Co., LLC entrusted the vehicle to Defendant John Doe. Defendant John Doe was unlicensed, incompetent, and/or reckless and Defendant Purpose Driven Co., LLC knew or should have known that Defendant John Doe was unlicensed, incompetent, and/or reckless.  Defendant John Doe's negligence on the occasion in question proximately caused the collision.

**D.     RESPONDEAT SUPERIOR – DEFENDANT PURPOSE DRIVEN CO., LLC**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant John Doe was in the course and scope of his employment with Defendant Purpose Driven Co., LLC thereby making Defendant Purpose Driven Co., LLC liable under the doctrine of *Respondeat Superior*.

**E.     NEGLIGENCE – DEFENDANT PURPOSE DRIVEN CO., LLC**

Defendant Purpose Driven Co., LLC negligently hired and retained Defendant John Doe. Moreover, Defendant Purpose Driven Co., LLC failed to properly qualify, train and/or supervise Defendant John Doe in order to prevent such collision.

**F.     GROSS NEGLIGENCE – DEFENDANT PURPOSE DRIVEN CO., LLC**

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant Purpose Driven Co., LLC, because Defendant's conduct was of such character as to constitute gross negligence. Defendant Purpose Driven Co., LLC's actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways. Defendant Purpose Driven Co., LLC had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant Purpose Driven Co., LLC chose to allow Defendant John Doe to operate a vehicle under

Defendant Purpose Driven Co., LLC's motor carrier authority on public roadways at the time of the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.      Medical expenses in the past and future;

b.      Lost wages in the past and loss of earning capacity in the future;

c.      Property damage and loss of use of Plaintiff's vehicle;

d.      Physical pain and suffering in the past and future;

e.      Mental anguish in the past and future; and

f.      Physical impairment in the past and future.

## VIII.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the

U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's lost wages in the past and loss of earning capacity in the future;

4. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

5. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

6. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

7. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

8. Interest on the judgment at the legal rate from the date of judgment;

9. Pre-judgment interest on Plaintiff's damages as allowed by law;

10. All costs of court; and

11. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**


BY: _/s/ Adewale Odetunde_
      **ADEWALE ODETUNDE**
      State Bar No. 24088146
      adewale.odetunde@witheritelaw.com
      **SHELLY GRECO**
      State Bar No. 24008168
      shelly.greco@witheritelaw.com
      10440 N. Central Expressway
      Suite 400
      Dallas, TX 75231-2228
      214/378-6665
      214/378-6670 (fax)

      **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 2d

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-03845

NITA THOMPSON

vs.

PURPOSE DRIVEN CO., LLC

134th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFF

FEE PAID: 40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

Copy from re:SearchTX

# EXHIBIT 2e



**JUDGE DALE TILLERY PRESIDING**
**134TH JUDICIAL DISTRICT COURT**
**600 Commerce St., 6th Floor, Room 650**
**Dallas, Texas 75202-4606**
**214/653-7546 -- 134th Ct. Clerk**
**214/653-6995 -- Ct. Coordinator**
**fly@dallascourts.org**

June 17, 2021

ADEWALE ODETUNDE
EBERSTEIN & WITHERITE LLP
10440 N CENTRAL EXPY
STE 400
DALLAS TX  75231

> Re:   NITA THOMPSON  vs.  PURPOSE DRIVEN CO., LLC
>        DC-21-03845

All Counsel of Record/Pro Se Litigants:

Pursuant to Rule 165A of the Texas Rules of Civil procedure, and the inherent power of the Court, the above case is set for dismissal on:

> **July 16, 2021** at **10:00 AM** via MSTeams:
> ──────────────────────────────────────
> Click here to join the meeting
> Or call in (audio only)
> +1 469-208-1731,,965246477#   United States, Dallas
> Phone Conference ID: 965 246 477#
> ──────────────────────────────────────

If **NO ANSWER** has been filed you are expected to have moved for a default judgment on or prior to the above stated date.  Failure to move for a default judgment will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, either by appearance at the dismissal docket hearing or by a filed motion to retain the case on the docket, unless you have obtained a new setting from the court coordinator.

Sincerely,

DALE TILLERY
Presiding Judge

DBT/fll
pc:  ADEWALE ODETUNDE

ALL PARTIES MUST BE COPIED ON ALL WRITTEN COMMUNICATION TO THE COURT.

# EXHIBIT 2f

FILED
6/21/2021 12:18 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Irasema Sutherland DEPUTY

## Cause No. DC-21-03845

NITA THOMPSON;
    Plaintiff,

IN THE DISTRICT COURT

VS.

134th JUDICIAL DISTRICT

JOHN DOE; AND PURPOSE DRIVEN
CO., LLC;
    Defendants.

DALLAS COUNTY, TEXAS

## RETURN OF SERVICE

Came to hand on the __28__ day of __May__, 2021 at __4:00__ p.m. and executed at __1017 Montana Ave.__ _____ __El Paso__ __TX__ __79902__,
        (Address)        (Apt#)      (City)      (State)    (Zip Code)
within the county of __El Paso__ on the __17__ day of __June__, 2021 at __1:23__ p.m. by delivering to **Purpose Driven Co., LLC, by delivering to its Blanket Agent, SKB Trucking Permits & Logistics, Inc., by delivering to Eric B. Darnell, P.C., accepted by** __Tatiana Ortiz__, in person, a true copy of the Citation together with a true and correct copy of the Plaintiff's Original Petition filed in this cause, having first endorsed thereupon the date of delivery.

By: _____
       Private Process Server

PSC# __8088__ Expires: __2/28/22__

## VERIFICATION

BEFORE ME, a Notary Public, on this day personally appeared __Gary Vega__ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct and that he is not a party to this lawsuit and has no interest in the outcome. Given under my hand and seal of office this __17__ day of __June__, 2021.

_____
Notary Public, State of Texas

MICHELLE GONZALEZ
Notary Public, State of Texas
Comm. Expires 12-06-2024
Notary ID 12176414

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    **PURPOSE DRIVEN CO., LLC**
       **SERVING REGISTERED AGENT KENNY RIDDLE**
       **515 WEST MARKET STREET**
       **DEXTER MISSOURI 63841**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **NITA THOMPSON**

Filed in said Court **25th day of March, 2021** against

**JOHN DOE AND PURPOSE DRIVEN CO., LLC**

For Suit, said suit being numbered **DC-21-03845,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      DANIEL MACIAS



---

**ESERVE**

**CITATION**

**DC-21-03845**

NITA THOMPSON
vs.
**PURPOSE DRIVEN CO., LLC**

ISSUED THIS
**1st day of April, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
**ADEWALE ODETUNDE**
WITHERITE LAW GROUP, PLLC
10440 N CENTRAL EXPY
STE 400
DALLAS TX 75231-2228
214-378-6665
**adewale.odetunde@witheritelaw.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-03845

Court No.134th District Court

Style: NITA THOMPSON

vs.

PURPOSE DRIVEN CO., LLC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# EXHIBIT 2g

FILED
7/15/2021 1:58 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

Case 3:21-cv-01652-N   Document 1-2   Filed 07/16/21   Page 29 of 35   PageID 37

### CAUSE NO. DC-21-03845

| | | |
|---|---|---|
| **NITA THOMPSON** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **JOHN DOE; AND PURPOSE DRIVEN** | § | |
| **CO., LLC** | § | |
| *Defendants.* | § | **134ᵀᴴ JUDICIAL DISTRICT** |

---

## DEFENDANT PURPOSE DRIVEN CO., LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendant, Purpose Driven Co., LLC ("Defendant") and files this its Original Answer in response to Plaintiff's Original Petition and in support would respectfully show the Court the following:

Pursuant to the requirements of §30.014 of the Texas Civil Practices and Remedies Code, Purpose Driven Co., LLC, was an entity incorporated in Texas at the time of the alleged incident; and therefore, it does not have a driver's license number or Social Security number. Additionally, pursuant to the requirements of §30.015 of the Texas Civil Practices and Remedies Code, Purpose Driven Co., LLC's business address is 515 West Market Street, Dexter Missouri 63841.

## I.
## GENERAL DENIAL

Defendant places in issue all matters contained in Plaintiff's Original Petition and any amendments thereto, by general denial, pursuant to TEX. R. CIV. P. 92 and demands strict proof thereof.

## II.
## <u>AFFIRMATIVE DEFENSES</u>

Pleading further, and in the alternative where appropriate, Defendant asserts the following affirmative defenses and other defenses or pleadings to Plaintiff's claims.  By asserting any affirmative defense or other defenses or pleadings herein, Defendant does not assume or alter the burden of proof as to any cause of action or defense that properly belongs to Plaintiff or to any other party to this lawsuit.

Pleading further if such is necessary, Plaintiff's damages, if any, were caused by a new and independent cause, and were not caused by any act or omission on the part of Defendant.  In addition, Defendant would show that Plaintiff failed to mitigate her damages.

Pleading further and/or in the alternative if such is necessary, Defendant asserts that Plaintiff's claims are barred, in whole or part, by the contributory and/or comparative negligence of Plaintiff.

Pleading further and/or in the alternative, if such is necessary, Defendant denies that any alleged act or omission of Defendant was a proximate cause of any alleged injury or damage, if any, to Plaintiff and further denies that it is liable under any theory of recovery.  Additionally, Plaintiff's alleged injuries and damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding acts or events that were beyond the control of Defendant and unrelated to the conduct of Defendant.  Any alleged negligent conduct of Defendant asserted by Plaintiff, which is denied, was superseded by such unforeseeable, independent, intervening and/or superseding act(s) or event(s).

Pleading further and/or in the alternative, if such is necessary, Defendant asserts that the conduct of Plaintiff, of all other parties to this lawsuit, of any settling persons, and of any responsible third parties should be compared by the Court and jury under the doctrine of

comparative responsibility as set forth in section 33.001, et seq., of the Texas Civil Practice and Remedies Code, and, in the unlikely event Plaintiff obtains any award of damages in this case, Defendant's liability, if any, for any such recovery should be limited to its respective percentage of comparative responsibility in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.  Defendant further asserts that, in the unlikely event Plaintiff obtains any award of damages in this case, Plaintiff's recovery should be reduced in proportion to Plaintiff's percentage of comparative responsibility, and in the event Plaintiff's responsibility exceeds fifty percent (50%), Plaintiff is not entitled to any recovery.

Pleading further and/or in the alternative, if such is necessary, in the unlikely event that Defendant is found liable to Plaintiff, which alleged liability Defendant expressly denies, Defendant is entitled to a credit or offset for any and all sums Plaintiff has received or may hereafter receive by reason of any and all settlements arising from Plaintiff's claims and/or alleged causes of action.  Defendant expressly reserves its rights under Chapters 32 and 33 of the Texas Civil Practice and Remedies Code regarding an election of credit and reduction in the amount of damages to be recovered by Plaintiff, if any.

Pleading further and/or in the alternative, if such is necessary, in the event Plaintiff recovers an award of pre-judgment interest for unaccrued damages, such an award would violate the following provisions, among others, of the Constitution of the State of Texas and the U.S. Constitution: (i) Trial by Jury, TEX. CONST. Art. I, §15; (ii) Due Process, U.S. CONST. AMEND. V and XIV, TEX. CONST. Art. I, §§ 13 and 19; and (iii) Constitutional Rights are Inviolate, TEX. CONST. Art. I, §29.  Further, Defendant pleads the limitations for pre-judgment interest as set forth in the Texas Finance Code.

Pleading further and/or in the alternative, if such is necessary, Plaintiff's recovery of medical or healthcare expenses, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff.  TEX. CIV. PRAC. & REM. CODE § 41.0105; *see Haygood v. Escobedo*, 356 S.W.3d 390, 399-400 (Tex. 2011).

Pleading further and/or in the alternative, if such is necessary, any claim of alleged lost earnings, loss of earning capacity and/or pecuniary loss, if any, is limited to a net loss after reduction for federal income tax obligations.  Further, this Court is required to instruct the jury regarding the application of federal income taxes to Plaintiff's claims for compensatory damages. TEX. CIV. PRAC. & REM. CODE § 18.091.

### III.
### REQUEST FOR DISCLOSURE

Under Texas Rule of Procedure 194, Defendant requests that Plaintiff disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### IV.
### NOTICE OF INTENT TO USE DOCUMENTS PRODUCED
### PURSUANT TO T.R.C.P. 193.7

Defendant places Plaintiff on notice that pursuant to TEX. R. CIV. P. 193.7, all documents produced by Plaintiff in this litigation are authenticated for use against the producing party in this case and may be used as evidence during pre-trial procedures and at trial of this matter.

### V.
### NOTICE OF INTENT TO USE TRE RULE 609(f)

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Defendant hereby places Plaintiff on notice of its intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

## VI.
## <u>PRAYER</u>

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing

hereof, Plaintiff takes nothing by way of her cause of action herein, that Defendant recovers its

costs herein expended, and for such other and further relief, at law or in equity, to which Defendant

may show itself justly entitled to receive.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:   */s/ David Sargent*
      **DAVID L. SARGENT**
      State Bar No. 17648700
      david.sargent@sargentlawtx.com
      **MITCHELL R. POURAHMADI**
      State Bar No. 24096578
      mitch.pourahmadi@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**ATTORNEYS FOR DEFENDANT
PURPOSE DRIVEN CO., LLC**

## CERTIFICATE OF SERVICE

This is to certify that on the 15TH day of July 2021, a true and correct copy of the foregoing

document was forwarded to Plaintiff's counsel via ECF:

Adewale Odetunde
Shelly Greco
WITHERITE LAW GROUP, PLLC
10440 N. Central Expressway, Suite 400
Dallas, Texas 75231-2228
adewale.odetunde@witheritelaw.com
shelly.greco@witheritelaw.com

/s/ David L. Sargent
**DAVID L. SARGENT**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

David Sargent on behalf of Mitchell Pourahmadi
Bar No. 24096578
david.sargent@sargentlawtx.com
Envelope ID: 55387912
Status as of 7/15/2021 2:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adewale WaleOdetunde | | Adewale.Odetunde@witheritelaw.com | 7/15/2021 1:58:26 PM | SENT |
| Francine Ly | | fly@dallascourts.org | 7/15/2021 1:58:26 PM | SENT |
| Elsa Killebrew | | elsa.killebrew@sargentlawtx.com | 7/15/2021 1:58:26 PM | SENT |
| Debra Yeager | | debbie.yeager@sargentlawtx.com | 7/15/2021 1:58:26 PM | SENT |

Associated Case Party: PURPOSE DRIVEN CO., LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mitchell RPourahmadi | | mitch.pourahmadi@sargentlawtx.com | 7/15/2021 1:58:26 PM | SENT |
| David Sargent | | david.sargent@sargentlawtx.com | 7/15/2021 1:58:26 PM | SENT |